In the
United States Court of Appeals
For the Seventh Circuit

No. 99-3783

Mark F. Elmore,

Plaintiff-Appellant,

v.

William J. Henderson, Postmaster General,

Defendant-Appellee.

Appeal from the United States District Court
for the Southern District of Indiana, Indianapolis Division.
No. IP-98-1664-C-B/S--Sarah Evans Barker, Chief Judge.

Argued August 9, 2000--Decided September 14, 2000

Before Posner, Ripple, and Williams, Circuit Judges.

Posner, Circuit Judge.  This appeal from the
dismissal of the plaintiff's suit because the
statute of limitations had run presents a tangle
of important statute-of-limitations issues. The
plaintiff filed a suit along with two other
persons against the Postal Service charging
violations of Title VII and the Rehabilitation
Act. The suit was filed on February 23, 1998,
which, so far as Elmore was concerned, was the
84th day of the 90-day period within which the
suit had to be filed after the final decision by
the Postal Service turning down his
administrative complaint. 29 C.F.R. sec.
1614.407. The judge dismissed Elmore and one of
the other two plaintiffs, without prejudice, on
the ground of misjoinder because the three
plaintiffs' claims did not arise out of the same
event or series of events. Fed. R. Civ. P. 20(a),
21; Intercon Research Associates, Ltd. v. Dresser
Industries, Inc., 696 F.2d 53, 57 (7th Cir.
1982); Alexander v. Fulton County, 207 F.3d 1303,
1323-24 (11th Cir. 2000); Abdullah v. Acands,
Inc., 30 F.3d 264, 268 n. 5 (1st Cir. 1994). That
was on August 5, 1998. After the remaining
plaintiff settled with the defendant, the judge
dismissed the entire suit with prejudice. That
was on October 22, 1999; earlier, on December 4,
1998, Elmore had refiled his claim as a separate
suit. The district judge dismissed the refiled
suit with prejudice because it had not been filed

within the six days remaining of the original limitations period when Elmore was dismissed from the suit or even within 90 days following that dismissal. Elmore argues that because the original suit was timely, his second suit should have been treated simply as a continuation of the original suit, especially since, he further argues, the judge erred in dismissing him from the original suit. Alternatively, he argues that the running of the statute of limitations on the second suit should be equitably tolled.

The filing of a suit stops the running of the statute of limitations, though only contingently. It is true that if the suit is later dismissed with prejudice, any issue concerning the bar of the statute of limitations to the refiling of the suit will be moot because a suit that has been dismissed with prejudice cannot be refiled; the refiling is blocked by the doctrine of res judicata. But if the suit is dismissed without prejudice, meaning that it can be refiled, then the tolling effect of the filing of the suit is wiped out and the statute of limitations is deemed to have continued running from whenever the cause of action accrued, without interruption by that filing. E.g., Conover v. Lien, 87 F.3d 905, 908-09 (7th Cir. 1996); Beck v. Caterpillar Inc., 50 F.3d 405, 407 (7th Cir. 1995); Powell v. Starwalt, 866 F.2d 964, 966 (7th Cir. 1989); Chico-Velez v. Roche Products, Inc., 139 F.3d 56, 59 (1st Cir. 1998); Johnson v. Nyack Hospital, 86 F.3d 8, 11 (2d Cir. 1996); Garfield v. J.C. Nichols Real Estate, 57 F.3d 662, 666 (8th Cir. 1995).

In other words, a suit dismissed without prejudice is treated for statute of limitations purposes as if it had never been filed. E.g., Beck v. Caterpillar Inc., supra, 50 F.3d at 407; Lambert v. United States, 44 F.3d 296, 298 (5th Cir. 1995); Dade County v. Rohr Industries, Inc., 826 F.2d 983, 989 (11th Cir. 1987). Were this not the rule, statutes of limitations would be easily nullified. The plaintiff could file a suit, dismiss it voluntarily the next day, and have forever to refile it. The strongest case for the rule that the running of the statute of limitations is unaffected by a dismissal without prejudice is therefore the case in which the plaintiff procured the dismissal, as by voluntarily dismissing the suit. See, e.g., Willard v. Wood, 164 U.S. 502, 523 (1896); Beck v. Caterpillar Inc., supra, 50 F.3d at 407; Bonneville Associates, Limited Partnership v. Barram, 165 F.3d 1360, 1364 (Fed. Cir. 1999). But that cannot place limits on the scope of the rule, since a plaintiff can almost always precipitate a dismissal without prejudice, for example by failing to serve the defendant

properly or by failing to allege federal jurisdiction, even if he does not move to dismiss it. The rule is therefore as we stated it: when a suit is dismissed without prejudice, the statute of limitations is deemed unaffected by the filing of the suit, so that if the statute of limitations has run the dismissal is effectively with prejudice. E.g., Duffy v. Ford Motor Co., 218 F.3d 623, 629 (6th Cir. 2000); Hatchett v. Nettles, 201 F.3d 651, 652-53 (5th Cir. 2000) (per curiam). The severity of the rule is mitigated, however, by the doctrine of equitable tolling, as we'll see.

When there are several plaintiffs in a single suit and one is dismissed out, whether under Rule 21 or any other rule or doctrine, it is as if he had brought a separate suit that was dismissed. We cannot find a case on the point; but it seems to us clear as a matter of first principles. The purpose of Rule 20(a) in permitting joinder in a single suit of persons who have separate claims, albeit growing out of a single incident, transaction, or series of events, is to enable economies in litigation, not to merge the plaintiffs' rights so that the defendant loses defenses that he might have had against one of the plaintiffs. It is true that the statute of limitations is tolled for class members until it is determined that the case cannot proceed as a class action, Crown, Cork & Seal Co. v. Parker, 462 U.S. 345, 352-53 (1983); American Pipe & Construction Co. v. Utah, 414 U.S. 538, 551-52 (1974); Hemenway v. Peabody Coal Co., 159 F.3d 255, 265-66 (7th Cir. 1998), but that is because a class action is not a mere "invitation to joinder." American Pipe & Construction Co. v. Utah, supra, 414 U.S. at 550. It is a device centrally concerned with the economies of aggregating small claims, and it would thus be seriously impaired by a rule that required all the class members to file separate, protective suits, against the eventuality that the statute of limitations would run during the period when the class status of the putative class action remained undetermined. We want the class members to rely on the filing of the class action rather than to clutter the courts with a multitude of separate suits.

There is in any event little risk that a determination that claims have been misjoined will lead to a dismissal with statute of limitations consequences, since, as we're about to see, the district court is duty-bound to prevent those consequences by severing rather than dismissing claims. If it fails in that duty, the remedy is appeal.

Hence the dismissal of Elmore from the suit on

August 5, 1998, occurred long after the 90-day period within which he had to sue had elapsed, and was time barred before that date, not six, let alone 96, days later. Cf. Wilson v. Grumman Ohio Corp., 815 F.2d 26, 27-28 (6th Cir. 1987) (per curiam). The judge erred in thinking that the statute of limitations was tolled between the filing of the original suit and when she dismissed Elmore from it.

It is irrelevant that the dismissal was almost certainly erroneous, not because there wasn't misjoinder, but because in formulating a remedy for a misjoinder the judge is required to avoid gratuitous harm to the parties, including the misjoined party. Rule 21 not only requires that orders adding or dropping parties be made "on such terms as are just," but also expressly allows the judge to sever the misjoined party's claim rather than dismiss it. Sabolsky v. Budzanoski, 457 F.2d 1245, 1249 (3d Cir. 1972). The judge could and should have allowed Elmore's claim against the Postal Service to continue as a separate suit so that it would not be time-barred. Rice v. Sunrise Express, 209 F.3d 1008, 1014 n. 8 (7th Cir. 2000); White v. ABCO Engineering Corp., 199 F.3d 140, 145 n. 6 (3d Cir. 1999). As an offshoot of the original suit, Elmore's separate, severed suit, though separate from the original suit for other purposes, would not have affected the tolling of the statute of limitations by the original suit. That is, it would have been a continuation of the original suit so far as he was concerned. This would be obvious if the judge had dismissed the other two plaintiffs from the suit, leaving Elmore as the sole plaintiff, rather than dismissing Elmore and one of the two other plaintiffs; and we do not think the running of the statute of limitations should be affected by which joined plaintiffs are dismissed.

But waiving the statute of limitations is not the proper remedy for an erroneous dismissal. The proper remedy is appeal. Although the suit continued in the district court on behalf of the remaining plaintiff, and so the dismissal of Elmore was not a final judgment in the usual sense, Rule 54(b) allows the district judge to enter a final, immediately appealable judgment from an order that dismisses one of the parties. See House v. Belford, 956 F.2d 711, 716 (7th Cir. 1992); In re Southeast Banking Corp., 69 F.3d 1539, 1547 (11th Cir. 1995); Haynesworth v. Miller, 820 F.2d 1245, 1252-53 (D.C. Cir. 1987). Elmore did not ask for such a judgment.

So the statute of limitations ran long before Elmore refiled his suit. That in itself need not have been fatal. There are defenses to the

statute of limitations, and Elmore is right in identifying equitable tolling as one of them. The running of a statute of limitations can be equitably tolled when through no fault of his own the plaintiff was unable to sue within the limitations period but he sued as soon as he could. E.g., Flight Attendants Against UAL Offset v. Commissioner, 165 F.3d 572, 575-76 (7th Cir. 1999); Donald v. Cook County Sheriff's Dept., 95 F.3d 548, 561-62 (7th Cir. 1996); Cada v. Baxter Healthcare Corp., 920 F.2d 446, 451 (7th Cir. 1990); Graham-Humphreys v. Memphis Brooks Museum of Art, Inc., 209 F.3d 552, 560-61 (6th Cir. 2000). This, however, is not a case in which the plaintiff was prevented from suing within the limitations period. He did sue within that period. His complaint is that his suit was erroneously dismissed, as a result of which, though the dismissal was without prejudice, his claim was lost because the statute of limitations ran before he refiled. Equitable tolling is not a remedy for an erroneous judgment; appeal, or in exceptional cases a motion under Fed. R. Civ. P. 60, is.

For completeness we note that, even if equitable tolling could do service here for an appeal, as assumed (rather than discussed) in Justice v. United States, 6 F.3d 1474, 1480-82 (11th Cir. 1993), the doctrine would be unavailable to Elmore in the circumstances of this case. It is true that he cannot be faulted for having failed to refile his suit before the district court dismissed him from the original one. He had no reason to anticipate an erroneous order dismissing him for misjoinder rather than just severing his claim and allowing it to continue as a separate suit. But he could not possibly invoke the doctrine of equitable tolling unless he sued just as soon as possible after the judge's action made him realize that the statute of limitations had run. He waited four months to sue and has offered no excuse for the delay. Since all he had to do was refile the original complaint, merely deleting reference to his coplaintiff's claims, it is not surprising that he is unable to come up with an excuse.

We have emphasized in previous cases the social importance of limitations periods for suing. E.g., Cook v. City of Chicago, 192 F.3d 693, 696 (7th Cir. 1999); Galloway v. General Motors Service Parts Operations, 78 F.3d 1164, 1165-66 (7th Cir. 1996); see also Delaware State College v. Ricks, 449 U.S. 250, 259-60 (1980); Dring v. McDonnell Douglas Corp., 58 F.3d 1323, 1330 (8th Cir. 1995). Such deadlines minimize legal uncertainty both about the outcome of eventual litigation and about the existence and scope of the potential defendant's liability. Burnett v.

New York Central R.R., 380 U.S. 424, 428 (1965); Bailey v. International Brotherhood of Boilermakers, Etc., Local 374, 175 F.3d 526, 531 (7th Cir. 1999); Servicios-Expoarma, C.A. v. Industrial Maritime Carriers, Inc., 135 F.3d 984, 989 (5th Cir. 1998); Sperling v. Hoffmann-La Roche, Inc., 24 F.3d 463, 471-72 (3d Cir. 1994). The importance of the limitations period in the present case is underscored by the brevity of that period. By fixing 90 days as the deadline for suing after final agency action, the Postal Service has emphasized the urgency of prompt resolution of employment claims against it. The practical reason for that sense of urgency in an employment case is that an employer's liability tends to mount up with each day that judgment is deferred, since back pay (in a dismissal case) accumulates from the dismissal of the plaintiff to his reinstatement following the entry of a judgment for him. Cook v. City of Chicago, supra, 192 F.3d at 696; Cada v. Baxter Healthcare Corp., supra, 920 F.2d at 452-53.

Affirmed.