Michael CAGE, Plaintiff–Appellant,

v.

David LYONS et al., Defendants–Appellees.

No. 99–4000.

United States Court of Appeals, Seventh Circuit.

Submitted March 12, 2001.*

Decided March 12, 2001.

---

\* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Before BAUER, KANNE, and ROVNER, Circuit Judges.

ORDER

This is the second time this case has come before us. In our previous unpublished order of November 28, 2000, we held that Illinois prisoner Michael Cage should not have been granted permission to proceed *in forma pauperis* on appeal and gave him fourteen days to pay the remainder of his appellate fees. *Cage v. Lyons*, No. 99–4000, 2000 WL 1770668 (7th Cir. Nov. 28, 2000). Cage has since paid, and so we may now consider whether the district court erred in dismissing his § 1983 suit for failure to state a claim upon which relief may be granted. We affirm.

The facts of this case are laid out in our previous decision, *Cage*, 2000 WL 1770668, at *1, and will be restated here only to the extent necessary. In 1996 Cage filed twenty-two complaints in federal district court, describing numerous abuses he allegedly suffered while a pretrial detainee at the DuPage County Jail in Illinois. The district court consolidated these complaints under case number 96 C 6733 and immediately dismissed twenty-one of them without prejudice, apparently for failure to comply with the court's procedural rules. *Cage v. Smith*, No. 96 C 5969, 1996 WL 613173 (N.D.Ill. Oct. 22, 1996). The court also appointed counsel to assist Cage with his surviving complaint. After Cage's appointed counsel later withdrew, the court gave Cage until July 31, 1997, to file an amended complaint, which he did not do. Accordingly, in September 1997, the district court dismissed Cage's case with prejudice.

Cage then filed five new complaints in July 1998, disclosing the same types of claims made in his twenty-two earlier cases. In August 1998 the district court consolidated the five complaints and dismissed them without prejudice for failure to state a claim upon which relief can be granted. The court reasoned that when the complaints are viewed together, it is apparent that Cage's allegations are delusional. *Cage v. Lyons*, No. 98 C 4662, 1998 WL 525815, at *3 (N.D.Ill. Aug. 19, 1998). But because of Cage's pro se status and his allegations of physical beatings, the court once again appointed counsel and gave Cage until October 30, 1998, to file an amended complaint under cause number 98 C 4662. The court also warned Cage that if no amended complaint was filed by that date, his case would be dismissed with prejudice.

Cage failed to file an amended complaint by the court's deadline, and in November 1998, after an *in camera* hearing, Cage's appointed counsel was allowed to withdraw. Almost a year later, on October 18, 1999, Cage filed a 108–page amended com-

plaint, which the district court determined was simply a repeat of the allegations it previously had deemed insufficient to state a claim. The court further noted that all of Cage's allegations were now more than two years old, and thus outside the relevant statute of limitations. Accordingly, the court dismissed Cage's amended complaint for failure to state a claim upon which relief can be granted.

■ The district court properly dismissed Cage's complaint as untimely. In Illinois a two-year statute of limitations applies to claims brought under 42 U.S.C. § 1983. *Manley v. City of Chicago*, 236 F.3d 392, 395 (7th Cir.2001). The incidents described in Cage's amended complaint allegedly took place over the period beginning in October 1995 and ending in March 1997, and Cage did not file his amended complaint until October 1999, over two years after the last allegedly unlawful act occurred. Thus, absent tolling, all of Cage's claims are time-barred.

■ Unfortunately, Cage does not address the statute-of-limitations issue in his brief and thus provides no reasons for why the limitations period should be tolled. Although it is not our responsibility to research and construct his arguments for him, *see United States v. Lanzotti*, 205 F.3d 951, 957 (7th Cir.2000), we note that the filings of Cage's earlier complaints had no tolling effect on the two-year limitations period. If a case is dismissed without prejudice, the statute of limitations is deemed to have continued running from whenever the cause of action accrued, without interruption by the filing of that case. *Elmore v. Henderson*, 227 F.3d 1009, 1011 (7th Cir.2000). Thus, here, the statute of limitations began running, at the latest, in March 1997 and continued running uninterrupted by the filing of Cage's previous complaints. The two-year limitations period therefore expired sometime in March 1999, and so Cage's amended complaint, filed seven months later, is untimely.

For the above reasons, the judgment of the district court is AFFIRMED.