**Philip COLON, Jr., Plaintiff,**

v.

**William J. HENDERSON, Postmaster General, Defendant.**

**No. 3:99CV1597 (RNC).**

United States District Court,
D. Connecticut.

Sept. 21, 2001.

---

Laura Lee A. Dorflinger, Marc L. Glenn, Law Offices of W. Martyn Philpot, Jr., LLC, New Haven, CT, for Philip Colon, Jr.

US Court of Appeals, Office of the Clerk, US Courthouse, New York City, notice only.

Carolyn Aiko Ikari, U.S. Attorney's Office, Hartford, CT, Anthony T. Rice, U.S. Postal Service Law Dept., Windsor, CT, for William Henderson.

### RULING AND ORDER

CHATIGNY, District Judge.

Plaintiff, an employee of the U.S. Postal Service, brings this employment discrimination case under Title VII and the Rehabilitation Act. Defendant seeks summary judgment based on plaintiff's failure to file this action within 90 days of his receipt of the Postal Service's final agency decision denying his administrative complaint. *See* 29 C.F.R. § 1614.407(a).[1] The Postal Ser-

vice's decision,[2] was received by plaintiff's then-counsel on August 14, 1998. *See* Pl.'s Mem. In Opp. To Summ.J. at 2 (stating that decision was "received by plaintiff 8–14–98"). This action was filed more than a year later. Plaintiff opposes summary judgment on the grounds that he complied with the 90–day filing deadline, or should be excused if he failed to do so, because he commenced an action in state court on July 17, 1998, several weeks before the Postal Service's decision was issued. The state court complaint sought enforcement of an order issued by the Connecticut Commission on Human Rights and Opportunities awarding the plaintiff damages against the Postal Service under state law. *See* Pl.'s Mem. Of Law In Opp. To Summ.J. at 6, 8; *see also* Pl.'s Rule 9(c)(2) Statement, Ex. A (state court complaint filed 7/17/98). The CHRO order, which was in the nature of a default judgment, was invalid because the CHRO lacked jurisdiction over the plaintiff's claims. I conclude that plaintiff is not entitled to equitable tolling based on the filing of the state court complaint and that this action is therefore time-barred.

"The running of a statute of limitations can be equitably tolled when through no fault of his own the plaintiff was unable to sue within the limitations period but he sued as soon as he could." *Elmore v. Henderson,* 227 F.3d 1009, 1013 (7th Cir.2000). Consistent with this precept, a plaintiff suing under Title VII may be entitled to equitable tolling if he has "raised the precise statutory claim in issue but has mistakenly done so in the wrong forum." *Smith v. American President*

---

**1.** A federal employee may bring suit under Title VII and the Rehabilitation Act within 90 days of receipt of a final agency decision denying an administrative complaint. *See* 42 U.S.C. § 2000e–16 (Title VII); 29 U.S.C. § 794a(a)(1) (Rehabilitation Act).

**2.** *See* Greany Affidavit, Ex. E, at 6–7 (final agency decision in USPS No. 4B–060–0085–97).

*Lines, Ltd.,* 571 F.2d 102, 109 (2d Cir. 1978).

Plaintiff's failure to comply with the 90–day limit cannot be excused on this basis. His state court complaint seeking enforcement of the CHRO's order did not encompass the Title VII and Rehabilitation Act claims raised here; it involved alleged violations of the Connecticut Fair Employment Practices Act only. Moreover, before the 90–day period for bringing this federal action began to run, plaintiff received a letter from the CHRO dated July 30, 1998, belatedly acknowledging that it lacked jurisdiction over his discrimination complaints (a point the Postal Service had been urging from the outset of the CHRO proceeding). *See* Def.'s Mem. of Law [doc 30], Ex. C. The letter informed the plaintiff that the CHRO would not be petitioning the state court for enforcement of its invalid order, and that he, like other federal employees, was required to proceed under Title VII. Having been so informed, plaintiff has no excuse for failing to commence this action within 90 days of his subsequent receipt of the Postal Service's decision rejecting his claims.

Accordingly, defendant's motion for summary judgment is hereby granted. The complaint is dismissed. The Clerk may close the file.