Wayman **THOMAS**, Plaintiff,

v.

Tim **TIMKO**, et al., Defendants.

No. 3:06–CV–184 AS.

United States District Court,
N.D. Indiana,
South Bend Division.

March 31, 2006.

Wayman Thomas, Carlisle, IN, pro se.

No counsel on record.

### OPINION AND ORDER

ALLEN SHARP, District Judge.

Wayman Thomas, a *pro se* prisoner, filed a Motion to Amend Findings pursuant to FED.R.CIV.P. 52(b) within 10 days of the entry of judgment. Mr. Thomas presents two separate arguments: one addressing the dismissal of his case based on the statute of limitations and a second addressing the amount of his filing fee.

■ Mr. Thomas explains that this case was not the first time that he filed these claims. *Thomas v. Timko,* 3:04–CV–288 (N.D. Ind. filed Apr. 23, 2004) was filed prior to the expiration of the statute of limitations, but was dismissed without prejudice on a motion for summary judgment for not exhausting administrative remedies as required by 42 U.S.C. § 1997e(a).

Plaintiff Thomas states while the original complaint was filed with the Courts within the adequate time frames (April 27, 2004 until May 15, 2005) and that the accumulation of time for filing a civil complaint in accordance with federal statutes should have been frozen while currently being litigated and that the

accumulation of time should not continue to calculate *against* petitioner on a motion to re-file 42 U.S.C. § 1983 that was dismissed without prejudice.

Memorandum at 9, docket # 6–2 (emphasis in original). Mr. Thomas believes that because he previously timely filed these claims, the passage of time should not be counted against him.

 The general rule is that,

if the suit is dismissed without prejudice, meaning that it can be refiled, then the tolling effect of the filing of the suit is wiped out and the statute of limitations is deemed to have continued running from whenever the cause of action accrued, without interruption by that filing.

*Elmore v. Henderson,* 227 F.3d 1009, 1011 (7th Cir.2000). Nevertheless, like the matter of the statute of limitations, the issue of tolling is also governed by state law. *Hardin v. Straub,* 490 U.S. 536, 539, 109 S.Ct. 1998, 104 L.Ed.2d 582 (1989). Indiana's Journeys Account Statute "serves to resuscitate actions that otherwise would have expired under the applicable statute of limitations." *Parks v. Madison County,* 783 N.E.2d 711, 720 (Ind.Ct. App.2002). But it only applies if "the plaintiff fails in the action from any cause except negligence in the prosecution of the action...." IND.CODE § 34–11–8–1(a)(1). Mr. Thomas' first lawsuit was dismissed without prejudice because he had not exhausted his administrative remedies. That omission constitutes negligence in the prosecution of that action and therefore the Journey's Account Statute does not resuscitate these claims.

 Second, Mr. Thomas disputes the amount of the filing fee.

Plaintiff Thomas states he should not have been subjected to any penalties ($250.00 filing fee) for the re-filing of his 42 U.S.C. § 1983 complaint, which was an increase in the normal filing fees of $150.00, for renewing a civil complaint against employees of a government agency, being corrections officers of the Tippecanoe County Jail.

Memorandum at 9, docket # 6–2. Mr. Thomas was not fined; during the nearly two intervening years between these lawsuits, the filing fee was increased for all plaintiffs. When he filed his first lawsuit, Mr. Thomas was assessed the filing fee which at that time was $150.00; when he filed this lawsuit, he was assessed the filing fee which is now $250.00. Mr. Thomas "states there has been no notification forwarded to the Wabash Valley Correctional Facility from the District Courts for such an increase in their fees...." Motion at 1, docket 6–1. Neither personal nor institutional notice is required prior to an increase in filing fees.

For the foregoing reasons, this motion is **DENIED.**

**IT IS SO ORDERED.**