# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 07-3617

———————

| | | |
|---|---|---|
| Lonnie Strandlund, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| Christopher Holscher; Jeremiah | * | |
| Brendsel, and Richard Krawiecki, | * | |
| | * | |
| Plaintiffs - Appellants, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | District of Minnesota. |
| | * | |
| William Hawley; Brent Lindgren, | * | |
| Mille Lacs County Sheriff, and | * | |
| Mille Lacs County, | * | |
| | * | |
| Defendants - Appellees. | * | |

———————

Submitted: June 13, 2008
Filed: July 7, 2008

———————

Before MURPHY, BYE, and SHEPHERD, Circuit Judges.

———————

MURPHY, Circuit Judge.

Plaintiffs Lonnie Strandlund, Christopher Holscher, Jeremiah Brendsel, and Richard Krawiecki brought this action under 42 U.S.C. §§ 1983 and 1988 against Mille Lacs Sheriff Brent Lindgren, deputy William Hawley, and the county, alleging violations of their constitutional rights and common law torts. Defendants moved for

summary judgment which was granted in part as to plaintiff Strandlund. Finding insufficient commonality in respect to the claims of the other plaintiffs, the district court dropped and dismissed them from the action pursuant to Fed. R. Civ. P. 21. Subsequent to the final judgment entered in respect to Strandlund, the other original plaintiffs filed this appeal. Appellants argue that the district court should have severed their claims instead of dropping and dismissing them from the suit. We vacate the district court's Rule 21 order and remand.

The incidents giving rise to the action brought by the four plaintiffs took place on three different occasions. The only common factor in each incident is an allegation by each plaintiff that Deputy William Hawley had used excessive force in his official capacity. Strandlund alleged that he was attending a street festival in July 2004 where he observed his son in law on his knees surrounded by sheriff deputies. When Strandlund stepped forward and asked what was going on, Hawley allegedly tackled him from behind. Strandlund claims that he suffered a stiff neck for several weeks and loss of sleep as a result of Hawley's assault. Holscher and Brendsel were arrested by Hawley in May 2004 after riding all terrain vehicles on private property and then hiding to avoid apprehension. They alleged that they suffered physical injuries when Hawley ordered his police dog to bite and hold them and that he humiliated them by forcing them to appear in public in only their underwear. Krawiecki alleged that in November 2003 Hawley approached him outside his home for a suspected drinking and driving violation, then punched him in the eye and directed his police dog to bite and hold which resulted in permanent injury.

Plaintiffs were all represented by the same attorney and brought their claims in one lawsuit in federal district court, alleging violation of their constitutional rights under 42 U.S.C. §§ 1983 and 1988 , as well as an array of state tort claims including assault, battery, intentional infliction of emotional distress, and negligence in selection, training, and supervision. Appellees moved for summary judgment and also argued that the parties and their claims should be severed due to misjoinder. In an order dated March 30, 2007, the district court granted partial summary judgment as

to Strandlund's claims and dropped Holscher, Brendsel, and Krawiecki from the action under Rule 21 for misjoinder. In dismissing them without prejudice, the court cited the lack of a logical relationship between the alleged incidents, which had occurred on separate dates and locations and involved different individuals other than Hawley. It decided that no common question of law or fact existed in respect to the claims and that it would be too confusing for a jury to be asked to make the individual factual determinations for the different incidents. The district court ruled that

> [a]ccordingly, the parties' claims are hereby severed. Pursuant to Fed. R. Civ. P. 21, plaintiffs Christopher Holscher, Jeremiah Brendsel, and Richard Krawiecki are dismissed from this suit, as improperly joined; they may refile and proceed separately. In the event plaintiffs Holscher and Brendsel choose to refile, they may - but are not required to - do so in the same action.

In concluding, the district court ordered that part of Strandlund's suit could go forward and "[p]ursuant to Fed. R. Civ. P. 21, the claims of [the three other] plaintiffs . . . are hereby dropped from this case and dismissed without prejudice." It is not entirely clear whether the district court intended to merely sever appellants' claims or whether it sought to dismiss the parties from the suit. We interpret its summary statement at the end of its order as dismissing the parties without prejudice, rather than severing their claims.

Several months later Strandlund and appellees settled their dispute, causing the district court to dismiss his case with prejudice and to enter judgment accordingly on October 11, 2007. On November 9, 2007, Holscher, Brendsel, and Krawiecki filed this appeal. They do not argue that the district court erred in concluding that their claims were misjoined, but instead contend that the district court erroneously applied Rule 21 by ordering their claims dismissed rather than severed. Appellants submit that the district court abused its discretion, contending that their dismissals caused them to suffer substantial prejudice by leaving them effectively unable to refile since the statute of limitations had run on many of their claims. Appellees assert that

appellants failed to file a timely notice of appeal and urge us to reject their appeal. In the alternative, appellees argue that the district court did not abuse its discretion by dropping appellants from the suit pursuant to Rule 21 since misjoinder may be remedied either by dropping parties on just terms or severing their claims.

We first consider appellees' argument that the notice of appeal was untimely filed. They contend that pursuant to Fed. R. App. P. 4(a)(1)(A), a notice of appeal had to be filed within 30 days of the district court's March 30, 2007 order dropping the plaintiffs. Appellees cite a number of cases for the proposition that the court's Rule 21 order created new independent actions for purposes of finality and appealability, requiring notice of appeal within 30 days. See Reinholdson v. Minnesota, 346 F.3d 847, 850 (8th Cir. 2003) (Rule 21 severance creates separate actions and "a court may render a final, appealable judgment in either one of the resulting two actions notwithstanding the continued existence of unresolved claims in the other"); Gaffney v. Riverboat Servs. of Indiana, Inc., 451 F.3d 424 (7th Cir. 2006) (Rule 21 severance generally creates two discrete actions proceeding as separate suits for purpose of finality and appealability); Acevedo-Garcia v. Monroig, 351 F.3d 547, 559 (1st Cir. 2003) (Rule 21 severance made district court verdict a final and appealable judgment). The cases relied on by appellees indicate that a Rule 21 severance order merely severs separate claims which are independently capable of final and appealable judgments; these cases are inapposite to the question of whether appellants' appeal was timely.

Appellants respond that they appropriately appealed from the district court's October 11, 2007 entry of judgment, rather than its March 30, 2007 order, since under 28 U.S.C. § 1291 appellate jurisdiction is limited to appeals from final decisions of the district courts. They submit that a final judgment in actions involving multiple claims or multiple parties arises only "upon an express direction for the entry of judgment. In the absence of such determination or direction, any order . . . which adjudicates fewer than all the claims . . . of fewer than all the parties shall not terminate the action as to any of the claims or parties . . ." Fed. R. Civ. P. 54(b). Since there was no Rule 54(b) determination in this case, appellants argue that they

-4-

had to await the district court's entry of judgment on October 11, 2007 before filing their appeal, as there was no other court document that could be construed as a final judgment in the case. See Reinholdson, 346 F.3d at 849 (order is a final judgment if it unequivocally ends litigation on merits and leaves nothing for court to do but execute the judgment). In Reinholdson, we construed a severance of claims under a Fed. R. Civ. P. 42(b) framework,[1] rather than under Rule 21, and concluded that the district court's severance rulings were interlocutory and not appealable. See 346 F.3d at 849-50 (no clearly discernable final judgment had been entered from which to appeal notwithstanding an order entitled "Judgment in a Civil Case" severing a number of parties who were directed to refile in separate actions).

We agree with appellants that their notice of appeal was timely because it came within 30 days of the district court's entry of judgment in this case on October 11, 2007. While the district court's ultimate order for judgment arose out of the settlement between Strandlund and appellees, that judgment also closed the case of which appellants had originally been part. No judgment had been entered following the district court's March 30, 2007 dismissal order, and the October 11, 2007 entry of judgment was a final judgment from which the dropped appellants can appeal. Appellants would have been able to avoid the arguments pertaining to the timeliness of their appeal had they requested certification by the district court of a final judgment of dismissal under Rule 54(b).[2] With such an order they could then have

---

[1]Rule 42(b) authorizes the district court to separate a single action into separate components without dividing them into separate cases. Orders in such cases are often interlocutory because a final and appealable judgment cannot be entered until all controlling issues have been decided.

[2]Rule 54(b), which addresses a judgment on multiple claims or involving multiple parties, states that "when an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision . . . that adjudicates fewer than all the claims or the rights and liabilities of

appealed the district court's March 2007 order without having to wait for the entry of judgment in October 2007.

We review the district court's order dismissing appellants for misjoinder under an abuse of discretion standard. See Reinholdson, 346 F.3d at 850. Rule 21 provides that "[m]isjoinder of parties is not a ground for dismissing an action. On motion or on its own, the [district] court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." The question is whether in this case the district court was permitted to drop appellants from the case or whether it should merely have severed their claims.

Both the Third and Seventh Circuits have interpreted Rule 21 to permit dismissals of parties only if they do not cause "gratuitous harm to the parties," Elmore v. Henderson, 227 F.3d 1009, 1012 (7th Cir. 2000), for the "discretion delegated to the trial judge to dismiss under Rule 21 is restricted to what is 'just.'" DirectTV, Inc. v. Leto, 467 F.3d 842, 845 (3d Cir. 2006).

DirectTV involved an action brought by a cable company against several consumers for illegal interception of its transmissions. 467 F.3d at 843. After the district court initially severed the claims under Rule 21 and ordered that they proceed as separate individual actions, DirectTV paid individual filing fees and filed a separate complaint against one of the defendants. Id. at 844. That defendant successfully moved to dismiss on the ground that the new complaint fell outside the statute of limitations and in the course of reversing the dismissal, the Third Circuit commented that "[a]lthough a district court has discretion to choose either severance or dismissal in remedying misjoinder, it is permitted under Rule 21 to opt for the latter only if 'just' – that is, *if doing so 'will not prejudice any substantial right*.'" DirectTV, 467 F.3d at 846 (citation omitted) (emphasis in original). The court explained that substantial

_____

fewer than all the parties does not end the action as to any of the claims or parties . . ."

rights would be prejudiced if dismissal of misjoined parties were to result in the loss of otherwise timely claims. Id. at 846-47.

In the Seventh Circuit's Elmore decision, Judge Posner similarly concluded for the panel that "the district court is duty-bound to prevent [statute of limitations] consequences by severing rather than dismissing claims" under Rule 21 for misjoinder. 227 F.3d at 1012. In that case, plaintiff and two other persons had filed suit against the Postal Service within the 90 day statute of limitations period, but the district court dismissed two of them without prejudice for misjoinder pursuant to Rule 21. Id. at 1010-11. Plaintiff did not appeal his Rule 21 dismissal nor did he ask the district court for a final, immediately appealable judgment pursuant to Rule 54(b), but instead waited four months to refile notwithstanding the 90 day statute of limitations. Id. at 1012-13. The appellate court held that since the district court is required under Rule 21 to add or drop parties on just terms and is allowed to sever a misjoined party's claim rather than dismiss it, the district court could and should have permitted the plaintiff's claim to continue as a separate suit so that it would not have been time barred. Id. at 1012. The Seventh Circuit concluded that in cases of Rule 21 dismissals, the statute of limitations runs from whenever the cause of action accrued so that "[a] suit dismissed without prejudice is treated for statute of limitations purposes as if it had never been filed." Id. at 1011. The court therefore treated the refiled action as time barred. Id. at 1012-13. The proper remedy to attack a district court's erroneous dismissal under Rule 21 is to appeal, rather than to risk the running of the statute of limitations. Id.

Applying these principles we conclude that the district court abused its discretion by its order apparently dismissing appellants without prejudice. The statute of limitations for claims brought under 42 U.S.C. § 1983 is generally the applicable state law period for personal injury torts. City of Rancho Palos Verdes, Cal. v. Abrams, 544 U.S. 113, 124 n.5 (2005). In Minnesota intentional personal injury torts such as assault, battery, or intentional infliction of emotional distress are governed by a two year statute of limitations period, see Minn. Stat. § 541.07(1), while a six year

limitations period applies to torts of negligence such as negligent hiring and retention. <u>See</u> Minn. Stat. § 541.05, subd. 1(5). Since the events giving rise to appellants' claims took place in 2003 and 2004, the statute of limitations on many of their constitutional claims and personal injury allegations would appear to have already run at the time of the district court's March 2007 Rule 21 order. While it would have been permissible to sever their claims into separate actions because of the need to avoid possible confusion or substantial prejudice, the district court was not permitted to drop and dismiss appellants pursuant to Rule 21. <u>See</u> <u>DirectTV</u>, 467 F.3d at 844 (substantial prejudice would arise if the suit was dismissed since statute of limitations had run). While the district court's dismissal made it impossible for appellants to refile many of their claims in light of the running of the limitations period, a severance of their claims under Rule 21 would have held the statute of limitations in abeyance and thus permitted them to proceed with individual actions since the lawsuit was initially filed within the statute of limitations period. <u>See</u> <u>id.</u> at 845.

Accordingly, we vacate the district court's Rule 21 order pertaining to the three appellants. In order to allow consideration of all their claims, we remand to the district court with instructions to sever appellants' claims as opposed to dismissing the parties. We leave to the district court's discretion whether to consolidate the claims of appellants Holscher and Brendsel in one suit or to sever the claims into three lawsuits.

_____