**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 4, 2010[*]
Decided November 9, 2010

**Before**

RICHARD A. POSNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 09-2866

| | |
|---|---|
| LARRY D. WILSON, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Central District of Illinois. |
| | |
| *v.* | No. 09-2010 |
| | |
| COLIN S. BRUCE, et al., | Harold A. Baker, |
| *Defendants-Appellees.* | *Judge*. |

**O R D E R**

In January 2009, Larry Wilson, a federal prisoner, filed a nine-count complaint relating to various incidents that allegedly took place during his pretrial detention at two different Illinois prisons between August 2007 and January 2008. The district court twice struck Wilson's complaint for violating Federal Rule of Civil Procedure 20(a)(2), ruling that he was joining unrelated claims against different defendants in one lawsuit; each time, it

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. See FED. R. APP. P. 34(a)(2)(C).

instructed Wilson to file an amended complaint that complied with the rule or face dismissal of his lawsuit. The first time, Wilson responded by bifurcating his initial nine-count lawsuit and refiling six of the nine counts in a separate lawsuit (not at issue here) and by amending his complaint in this case to include the remaining three counts. Upon review of the amended complaint in this case, the district court again concluded that it violated Rule 20(a), struck it for misjoinder, and instructed Wilson to file a proper amended complaint within 21 days. This time, Wilson failed to file a timely amended complaint. Instead, he filed a petition for mandamus in this court (which we later denied). The district court then notified Wilson of his failure to comply with the order, and a month later (when Wilson had still failed to comply), dismissed Wilson's suit for failure to prosecute. Wilson appeals, and we affirm the judgment.

Wilson's primary argument on appeal is that the district court erred in dismissing his case because Federal Rule of Civil Procedure 21 provides that "misjoinder of parties is not a ground for dismissing an action." We confine our analysis to Wilson's amended complaint because Wilson chose to prosecute the remainder of the claims from his original complaint in a separate suit. *Wilson v. Walker*, No. 09-2059 (C.D. Ill. filed Mar. 4, 2009). To address Wilson's argument, we first assess whether the district court permissibly concluded that Wilson's amended complaint misjoined several unrelated claims in violation of Rule 20(a)(2), *Chavez v. Ill. State Police*, 251 F.3d 612, 632 (7th Cir. 2001).

The district court properly ruled that Wilson misjoined claims because no single transaction or occurrence, however generously defined, connects all named defendants. See FED. R. CIV. P. 20(a)(2); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *Chavez*, 251 F.3d at 632. Instead, Wilson's amended complaint straddles the following three separate categories of claims: (1) retaliation claims against overlapping (but different) sets of persons for his work during pretrial detention as a "jailhouse lawyer"; (2) due process and equal protection claims against the United States for failure to ensure that he was permitted access to all discovery materials in his criminal case; and (3) a deliberate-indifference claim against the U.S. Marshal Service. Though all are based on events that allegedly took place during Wilson's detention, the three categories of claims otherwise share no common questions of law or fact. We can find no fault with the district court's conclusion that these three categories bore insufficient relation to each other to join all the defendants in the same suit.

Wilson next argues that the district court improperly "cured" the misjoinder by dismissing his case. Generally, if a district court finds that a plaintiff has misjoined parties, the court should sever those parties or claims, allowing those grievances to continue in spin-off actions, rather than dismiss them, see FED. R. CIV. P. 21; *Elmore v. Henderson*, 227 F.3d 1009, 1012 (7th Cir. 2000). Severance preserves rights that depend on the date that the complaint was filed, such as defenses to applicable statutes of limitation. *Elmore*, 227 F.3d at

1012. But the district court dismissed his action, not because he had misjoined unrelated claims, but because Wilson ignored the court's order requiring him to remedy the misjoinder by shedding the disparate claims. District courts generally have broad authority to dismiss actions for failure to prosecute, and this includes failure to comply with valid orders, see *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962); *Williams v. Chi. Bd. of Educ.*, 155 F.3d 853, 857 (7th Cir. 1998).

The question, then, is whether the court could validly condition Wilson's right to proceed in this case on his willingness to drop the misjoined claims. But even if, as Wilson suggests, the district court's condition for proceeding effectively amounted to an impermissible dismissal for misjoinder, we would not reverse because any error was harmless. Wilson has not asserted here that the district court's order to drop from this lawsuit his misjoined claims put any of those claims at risk of a statute-of-limitations or similar defense. Absent any contention that he could not pursue his claims in newly filed suits, he gives us no reason to disturb the district court's judgment. See FED. R. CIV. P. 61; *Happel v. Walmart Stores, Inc.*, 602 F.3d 820, 826 (7th Cir. 2010) (requiring a showing of prejudice to set aside a district court determination); *In re Bartle*, 560 F.3d 724, 730 (7th Cir. 2009) ("Rule 61 instructs us to disregard any error that did not affect a party's substantial rights."). Specifically, had Wilson been concerned about statute-of-limitations issues, he could have raised them with the district court and asked it to sever his claims into different proceedings that all bore the filing date of the original suit, see *Elmore*, 227 F.3d at 1012; and had the district court ignored that request, he could have pressed the issue with us. He has done neither. To the contrary, Wilson is currently prosecuting in another case several claims that he removed from his initial complaint, and he gives no suggestion on appeal that statute-of-limitations concerns motivated his refusal to comply with the district court's order in this case that he remove the remaining, unrelated claims. Under these circumstances, the district court's decision was not reversible error.

Last, Wilson contends that the district court's order requiring him to amend failed to accommodate him as a pro se litigant, see *Kaba v. Stepp*, 458 F.3d 678, 687 (7th Cir. 2006) (citing *Donald v. Cook Cnty. Sheriff's Dep't*, 95 F.3d 548, 555 (7th Cir. 1996)), but the record reflects otherwise. In both of its orders striking his complaints, the district court made explicit what it expected of Wilson and afforded him ample time to amend, twice extending the deadlines it imposed on his amended-complaint filing. Notably, the district court chose to strike his complaint and amended complaint *without* dismissing the action. See *Abcarian v. McDonald*, 617 F.3d 931, 943 (7th Cir. 2010) (stating that dismissal of a complaint does not by itself terminate litigation); *Benjamin v. United States*, 833 F.2d 669, 671 (7th Cir. 1987) (same); *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1111 (7th Cir. 1984) (same). It also took the additional step of warning Wilson that he had missed by over a month the deadline to file the amended complaint, giving him one last chance to amend before it

ultimately dismissed Wilson's case for failure to prosecute. Whatever benefits Wilson may seek as a pro se litigant, they do not include license to disregard the court's orders. See *Anderson v. Hardman*, 241 F.3d 544, 545-46 (7th Cir. 2001); *Downs v. Westphal*, 78 F.3d 1252, 1257 (7th Cir. 1996).

AFFIRMED.