NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 7, 2014[*]
Decided May 7, 2014

**Before**

DIANE P. WOOD, *Chief Judge*

WILLIAM J. BAUER, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

No. 13-1339

| | |
|---|---|
| STANLEY SMITH, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 11 C 986 |
| UNION PACIFIC RAILROAD, CO., | |
| *Defendant-Appellee.* | Robert M. Dow, Jr., *Judge.* |

## O R D E R

This successive appeal requires us to review for the second time the dismissal of Stanley Smith's complaint in his employment-discrimination lawsuit. Our recent decision in *Luevano v. Wal-mart Stores, Inc.*, 722 F.3d 1014 (7th Cir. 2013), compels the opposite conclusion reached by the district court, and thus we vacate and remand.

---

[*]This appeal is successive to case no. 11-2750 and is being decided under Operating Procedure 6(b) by the same panel. After examining the parties' briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C)

In his initial complaint, Smith alleged that his former employer, Union Pacific Railroad (for whom he worked as an engineer), discriminated against him in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, because of his alcoholism. Smith alleged that in 1999 he entered treatment for alcoholism—sponsored by Union Pacific—and then returned to work after completing the program. In 2005 he entered an outpatient treatment program for alcoholism, and during that time Union Pacific did not allow him to work. He completed the program in 2006 but, he alleged, Union Pacific refused to reinstate him only because of his alcoholism. In 2009 he filed charges with the EEOC and, 85 days after the right-to-sue letter was issued, he brought this suit in federal court against Union Pacific, alleging disability discrimination based on a record of impairment and for being regarded as having an impairment.

Union Pacific moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6), asserting that Smith's complaint was untimely because his claims accrued in 2006, but he did not file his charge with the EEOC until 2009, well after the 300-day deadline for filing a charge. The district court agreed with Union Pacific and dismissed the complaint with prejudice.

On appeal we vacated the district court's order in part because the dismissal should have been *without* prejudice. *Smith v. Union Pacific R.R. Co.*, 474 F. App'x 478 (7th Cir. 2012). Although the dismissal was proper, we remanded the case so that Smith could be given an opportunity to amend his complaint by pleading facts that he asserted in his response brief opposing the motion to dismiss. *See id.* at *3.

On remand Smith amended his complaint to allege that he did not become aware of Union Pacific's unlawful employment practice until 2009. Union Pacific moved to dismiss the complaint again on untimeliness grounds, arguing that Smith filed the amended complaint beyond 90 days permitted after receiving his right-to-sue letter. *See* 42 U.S.C. § 2000e–5(f)(1), *incorporated by* 42 U.S.C. § 12117(a).

The district court agreed with Union Pacific that the amended complaint was untimely and dismissed the complaint with prejudice. The court followed cases stating that "a dismissal without prejudice is treated for statute of limitations purposes as if it had never been filed," and Smith's amended complaint—filed May 31, 2012—was filed well beyond 90 days after the EEOC's issuance of the right-to-sue letter on November 18, 2010. The court, citing our decision in *Elmore v. Henderson*, 227 F.3d 1009 (7th Cir. 2000), acknowledged that this rule was harsh, but explained that a "premium" had been

placed on stating a claim "right out of the box in an ADA case like this one." And "once Plaintiff elected to stand on his initial complaint in the face of a motion to dismiss, the die was cast in regard to Plaintiff's claim; if the complaint was dismissed, even without prejudice, any effort to file an amended complaint would be too late." The court also rejected Smith's argument that the amended complaint was timely because it "relates back" to his original complaint, *see* Fed. R. Civ. P. 15(c); if Smith's amended complaint were to relate back to his original complaint, the court wrote, "it would undermine the rule discussed in *Elmore*." Lastly, the court concluded that there was "no reason" to equitably toll the statute of limitations.

Smith appeals, contending that the district court's conclusion is inconsistent with our remand order, which, he says, presumed that any amended complaint he filed would be timely. He urges that the statute of limitations should have been equitably tolled and argues that his diligence and timeliness in amending his complaint distinguishes his case from *Elmore*, in which the plaintiff waited four months to refile his complaint.

Five months after the district court's ruling, we issued *Luevano*, which considered a factual scenario similar to this one, but reached a contrary result. 722 F.3d 1014. In that employment-discrimination lawsuit, the plaintiff, like Smith, filed a complaint days before the statute of limitations expired. *See id.* at 1018. The district court dismissed the complaint without prejudice for failing to state a claim for relief. *Id.* The plaintiff amended her complaint, but the district court dismissed it with prejudice as untimely because it was filed more than 90 days after she received her right-to-sue letter. *Id.* at 1018–19. We concluded, however, that the rule recited in *Elmore* did not apply because the entire suit in that case had been dismissed and *Luevano* involved only the dismissal of a complaint. *See id.* at 1025–26. Thus we concluded that

> [i]f a timely complaint is dismissed but the action remains pending, as occurred here, an amended complaint relates back to the filing of the original complaint when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading."

*Id.* at 1022 (quoting FED. R. CIV. P. 15(c)(1)(B)).

*Luevano* controls this appeal. As with the plaintiff in that case, Smith's amended complaint asserted a claim arising out of the defendant's conduct set out in the original

pleading and relates back to his timely filed original complaint. The judgment must be vacated and the case remanded for further proceedings.

Lastly, Union Pacific urges as an alternative basis for affirmance in part that Smith failed to exhaust administrative remedies by failing to bring a charge alleging disability discrimination based on a record of impairment, including any treatment for alcoholism before 2006. But we decline to address this matter in the first instance. *See Midwest Cmty. Health Serv., Inc. v. America United Life Ins. Co.,* 255 F.3d 374, 379 (7th Cir. 2001). Union Pacific is free to raise this issue before the district court on remand.

Accordingly, we **VACATE** and **REMAND** for proceedings consistent with this opinion.