# United States Court of Appeals

### For the Eighth Circuit

_____

## No. 15-1758

_____

John Fulghum

*Plaintiff - Appellant*

v.

Jeffrey Allen; Billy Lee; Tona Carter; Shawn Burch; Dustin Douglas; Carla Brashers

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Western District of Missouri - Springfield

_____

Submitted: September 18, 2015
Filed: September 28, 2015
[Unpublished]

_____

Before BENTON, BOWMAN, and KELLY, Circuit Judges.

_____

PER CURIAM.

Missouri prisoner John Fulghum appeals from the District Court's order in his 42 U.S.C. § 1983 action, in which the court granted summary judgment on one claim, dismissed a second claim for lack of exhaustion, and dismissed a third claim for misjoinder. We grant Fulghum's motion to appeal in forma pauperis, see Henderson v. Norris, 129 F.3d 481, 484–85 (8th Cir. 1997) (per curiam) (fee-collection

procedures); we deny his motion for appointment of counsel on appeal; and we affirm in part, reverse in part, and remand for further proceedings.

Fulghum asserted three federal claims: that defendants Allen and Lee retaliated against him for filing a grievance by issuing a false conduct violation for which Fulghum was convicted, resulting in his placement in administrative segregation; that the remaining defendants acted in retaliation when they placed a known violent inmate in Fulghum's segregation cell and refused his repeated requests to be moved from the cell; and that the remaining defendants violated Fulghum's Eighth Amendment rights by failing to protect him from a violent assault by the inmate placed in his cell. Fulghum also alleged that in allowing him to be assaulted, defendants had acted negligently under state law.

We conclude that the District Court properly granted summary judgment on the retaliation claim against Allen and Lee because the defendants adduced evidence that Fulghum had been convicted of the allegedly false disciplinary charge by an impartial hearing officer. See Hartsfield v. Nichols, 511 F.3d 826, 831 (8th Cir. 2008) (concluding that a prisoner's retaliation claim failed because his disciplinary violations were supported by some evidence and noting that "a report from a correctional officer, even if disputed by the inmate and supported by no other evidence, legally suffices as 'some evidence' upon which to base a prison disciplinary violation, if the violation is found by an impartial decisionmaker."). We also agree that dismissal without prejudice was appropriate as to the retaliation claim against the remaining defendants because Fulghum did not rebut the defendants' showing that he had not filed a grievance in which he claimed that any of the defendants acted in retaliation by placing a known violent offender in his cell. See 42 U.S.C. § 1997e(a) (exhaustion requirement).

We conclude, however, that it was an abuse of discretion to dismiss for misjoinder the claim that the remaining defendants violated Fulghum's Eighth

Amendment rights by placing a known violent inmate in his cell and failing to protect him from a violent assault by that inmate. See Strandlund v. Hawley, 532 F.3d 741, 745 (8th Cir. 2008) (standard of review). This claim arose out of the same series of occurrences as the other claims and presents questions of fact common to all defendants. See Fed. R. Civ. P. 20(a)(2) (stating that defendants may be joined in a single action if any right to relief is asserted against them "arising out of the same transaction, occurrence, or series of transactions or occurrences; and . . . any question of law or fact common to all defendants will arise in the action"); Mosley v. Gen. Motors Corp. 497 F.2d 1330, 1333 (8th Cir. 1974) (noting that the Supreme Court has "strongly encouraged" joinder of claims, parties, and remedies and that Rule 20 permits "all reasonably related claims for relief by or against different parties to be tried in a single proceeding").

Accordingly, we vacate the dismissal of the failure-to-protect claim against Carter, Burch, Douglas, and Brashers, along with Fulghum's related state-law claim, and remand to the District Court for further proceedings. Additionally, we instruct the District Court to reinstate the two Doe defendants related to these claims, who were dismissed from Fulghum's original complaint, and to allow Fulghum the opportunity to ascertain their identities through discovery. See Estate of Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995) ("[A]n action may proceed against a party whose name is unknown if the complaint makes allegations specific enough to permit the identity of the party to be ascertained after reasonable discovery."). We find no error as to the District Court's other rulings. On remand, Fulghum is free to again move for appointment of counsel, if warranted, and to move for additional discovery.

_____