**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 17, 2018[*]
Decided October 18, 2018

**Before**

DIANE P. WOOD, *Chief Judge*

JOEL M. FLAUM, *Circuit Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

No. 18-1028

| | |
|---|---|
| NORETTA F. BOYD, <br>     *Plaintiff-Appellant*, <br><br> *v.* <br><br> JACOBS PROJECT MANAGEMENT <br> COMPANY and HEALTH AND <br> HOSPITAL CORPORATION OF <br> MARION COUNTY, <br>     *Defendants-Appellees*. | Appeal from the United States District <br> Court for the Southern District of Indiana, <br> Indianapolis Division. <br><br> No. 1:16-cv-02028-SEB-TAB <br><br> Sarah Evans Barker, <br> *Judge*. |

**O R D E R**

Noretta Boyd was discharged in 2013 from her job as a project manager for the construction of a new hospital. She has sued two of her alleged joint employers, asserting violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2, and other laws. The district court dismissed her claims as barred by the statute of limitations and for failure to state a claim. Its reasoning is sound, so we affirm the judgment.

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

Keystone Construction hired Boyd as a project manager in 2012 and "dismissed" her one year later for lack of work. Boyd says that three companies jointly employed her: (1) Keystone, (2) the project-management company that Keystone used (Jacobs Project Management Company), and (3) the hospital owner (Health and Hospital Corporation of Marion County). Employees of these companies, she alleges, harassed her with "bullying, ridicule, [and] invasion of privacy," rummaged through her belongings and files, and reprimanded her in retaliation for reporting legal violations.

Believing that this conduct and her discharge violated fair-employment laws, Boyd filed two lawsuits. First, a year after her dismissal, she sued Keystone and others for race, gender, and age discrimination, plus unlawful retaliation, under Title VII and state law. After two amended complaints, the district court dismissed all claims except for her discrimination claim under Title VII against Keystone—which the judge said squeezed past dismissal "by the slimmest of margins." *Boyd v. Keystone*, No. 1:14–cv–119–WTL–MJD, 2015 WL 4427630, at *7 (S.D. Ind., 2015). That claim settled. Boyd now contends that Jacobs and the hospital were among the dismissed defendants. In its dismissal order, the district court gave Boyd leave to file claims against any parties related to the events at issue, but she neither appealed nor filed any new claims.

Three years after her discharge, Boyd sued again. She reprised her allegations from the first suit, this time targeting Jacobs and the hospital. The district court granted the defendants' motion to dismiss. The judge ruled that of Boyd's claims, four were barred by statutes of limitations, another three invoked criminal statutes or executive orders available only to federal prosecutors, and the last was time-barred for failure to timely file charges with the appropriate federal agency.

On appeal, Boyd challenges the dismissal of her Title VII claims. To bring a claim under Title VII, a party "must file a charge [with the EEOC] within either 180 or 300 days of the date of the act or lose the ability to recover for it." *National R. R. Passenger Corp. v. Morgan*, 536 U.S. 101, 101–102 (2002); 42 U.S.C. § 2000e-5. Boyd concedes she never filed charges with the EEOC against Jacobs or the hospital, so she has lost the chance to litigate those claims.

The district court also properly dismissed the state-law claims as untimely. Boyd alleges that Jacobs and the hospital retaliated against and wrongfully discharged her in violation of IND. CODE § 22-5-3-3, which protects employees who report violations of law. Boyd did not file this suit until 2016, yet the events over which she sues occurred in 2013, and the applicable statute of limitations is two years. IND. CODE § 34-11-2-1. So, these claims are untimely. Boyd responds that she may rely on Indiana Code § 5-11-5.5-8 and its longer statute of limitations. But this provision applies to *qui tam* actions in

which litigants sue on the state's behalf for fraud. IND. CODE § 5-11-5.5-4. Neither her complaint nor her appeal alleges fraud against the state, so the district court properly dismissed this claim. Boyd also alleges tortious interference, defamation and libel, and false light invasion of privacy. But each of these claims is subject to a two-year statute of limitations, IND. CODE § 34-11-2-4, so these too are time-barred.

Boyd replies that equitable tolling keeps her claims alive because in her first suit she tried to sue Jacobs and the hospital, but the district court improperly dismissed them. She cites *Elmore v. Henderson*, 227 F.3d 1009 (2000), but that case does not support her argument. *Elmore* observes that equitable tolling may be appropriate when a litigant is prevented from suing within the statute of limitations. *Id*. at 1013. But just as in *Elmore*, this "is not a case in which the plaintiff was prevented from suing within the limitations period. [Sh]e did sue within that period. [Her] complaint is that [her] suit was erroneously dismissed…. Equitable tolling is not a remedy for an erroneous judgment; appeal, or in exceptional cases a motion under Fed.R.Civ.P. 60, is." *Id*. According to Boyd, the district court erroneously dismissed Jacobs and the hospital from the first suit. Under *Elmore*, because Boyd neither appealed that dismissal nor refiled claims against them despite receiving leave to do so in the first suit, equitable tolling is not available to her. *See id.* We add that if Boyd were correct that Jacobs and the hospital were among the defendants dismissed from her first lawsuit, she would now face the added defense of claim preclusion. If instead they are new parties, the dismissals in the first lawsuit could not toll claims against them.

Boyd also attempted to assert violations of laws that she is not authorized to prosecute. Her complaint cited 18 U.S.C. § 241, but this is a criminal statute that empowers only federal prosecutors, not private citizens. This same problem correctly led the district court to dismiss her claims under Executive Orders 11,246 and 13,673 (now revoked): these orders do not purport to provide private rights of action that would allow an employee to sue an employer. Exec. Order No. 11,246, 30 F.R. 12319 (1965); Exec. Order No. 13,673, 79 F.R. 45309 (2014) (revoked). In any case, neither of these orders covers Boyd's allegations: one applies only to federal employees and the other only to federal contractor employees. Boyd does not propose to be either.

Boyd's final arguments warrant little discussion. She maintains that a magistrate judge improperly participated in proceedings and raises a contract claim, but she did not present these to the district court. Her other arguments are undeveloped.

AFFIRMED