**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

| | |
|---|---|
| ADRIANA SENECA HOLT, individually, and as guardian ad litem for minor child L.H.; JACOB HOLT; BEATRIZ LUKENS, | No. 22-55806 |
| | D.C. No. 8:20-cv-01416-JVS-DFM |
| *Plaintiffs-Appellants*, | |
| v. | |
| | OPINION |
| COUNTY OF ORANGE; JUSTIN MATHIESON; JOSE TORRES; JOSE SALINAS; SCOTT FERRARO; DOES, 1 through 10, Inclusive, | |
| *Defendants-Appellees*. | |

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Argued and Submitted November 7, 2023
Pasadena, California

Filed January 26, 2024

Before:  J. Clifford Wallace, William A. Fletcher, and Ryan D. Nelson, Circuit Judges.

Opinion by Judge W. Fletcher

# SUMMARY[*]

## Statute of Limitations/Supplemental Jurisdiction Statute

Affirming the district court's dismissal of plaintiffs' 42 U.S.C. § 1983 claims as barred by the applicable statute of limitations, the panel held that the claims were not subject to the tolling provision of the supplemental jurisdiction statute, 28 U.S.C. § 1367.

Adriana Holt and her children initially sued Orange County and several deputy sheriffs in federal district court (*Holt I*), alleging claims under section 1983 and California state law based on an allegedly unlawful search and arrest. When *Holt I* was filed, the statute of limitations had not run on any of the claims. Holt and her children and mother, Beatriz Lukens, were subsequently included as individual plaintiffs in a separate putative class action (*Moon*), which raised similar allegations. Holt and her children then voluntarily dismissed *Holt I*. After the district court dismissed the family's claims from *Moon* for improper joinder, they filed the present action (*Holt II*). The district court dismissed their claims as time-barred, finding that the limitations period was not tolled during the pendency of *Holt I* and *Moon*.

The panel concluded that plaintiffs' claims were not tolled and therefore were properly dismissed as untimely. Section 1367 tolls the applicable statute of limitations for a federal-law claim that is contained in the

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

same federal court complaint as a supplemental state-law claim and that is "voluntarily dismissed at the same time as or after the dismissal of the [supplemental] claim." 28 U.S.C. § 1367(d). But tolling is not available when the supplemental claim is voluntarily dismissed, as happened in *Holt I*. Therefore, the statute of limitations for Holt's section 1983 claims was not tolled during the time those claims were pending in *Holt I* and the claims were untimely when she filed *Holt II*. Holt's supplemental state-law claims were also untimely.

The panel next determined that tolling is not available when a supplemental claim is dismissed for improper joinder, as happened in *Moon*. Therefore, Lukens' state-law claims were not tolled during the time they were pending in *Moon*.

Finally, the panel held that plaintiffs' state-law claims were not tolled by a Covid-19 pandemic emergency tolling order and rule because the limitations periods for those claims lapsed before either the order or rule went into effect.

---

**COUNSEL**

Brenton W. Aitken Hands (argued) and Jerry L. Steering, Law Offices of Jerry L. Steering, Newport Beach, California, for Plaintiffs-Appellants.

Aamir Raza (argued), Christina M. Sprenger, and Brenan J. Shaw, Lawrence Beach Allen & Choi PC, Costa Mesa, California, for Defendants-Appellees.

**OPINION**

W. FLETCHER, Circuit Judge:

Adriana Holt, her children Jacob and L.H., and her mother Beatriz Lukens brought claims under 42 U.S.C. § 1983 and California state law against Orange County and several deputy sheriffs employed by the County based on an allegedly unlawful search and arrest. The children's claims have been dismissed by stipulation. The question before us is whether Holt's and Lukens's claims are barred by the applicable statutes of limitations.

Holt and her children (but not Lukens) initially sued the County and the deputies in federal district court about a year after the incident, in an action we will call *Holt I*. When *Holt I* was filed, the statutes of limitations had not run on any of their claims. After Holt, her children, and Lukens were added to an amended complaint in a separate action, which we will call *Moon*, Holt and her children voluntarily dismissed *Holt I*. Holt's, her children's, and Lukens's claims were later dismissed from *Moon* for improper joinder. They then filed the present action, which we will call *Holt II*. By the time *Holt II* was filed, Holt's and Lukens's claims were untimely unless the relevant statutes of limitations had been tolled. The district court dismissed their claims as time-barred.

We conclude that Holt's and Lukens's claims were not tolled and were properly dismissed as untimely. We conclude that the supplemental jurisdiction statute, 28 U.S.C. § 1367, tolls the applicable statute of limitations for a federal-law claim that is contained in the same federal court complaint as a supplemental state-law claim and that is "voluntarily dismissed at the same time as or after the

dismissal of the [supplemental] claim." 28 U.S.C. § 1367(d). But tolling is not available when the *supplemental* claim is voluntarily dismissed, as happened in *Holt I*. Nor is tolling available when the supplemental claim is dismissed for improper joinder, as happened in *Moon*. There is no indication that Congress meant for § 1367 to abrogate the longstanding principles that statutes of limitations are not tolled during the pendency of an action that is voluntarily dismissed or that is dismissed for improper joinder. We therefore affirm the district court's dismissal of Holt's and Lukens's claims as time-barred.

## I. Background

We review *de novo* a district court's grant of a motion to dismiss under Rule 12(b)(6), accepting as true all plausible factual allegations in the complaint. *Lund v. Cowan*, 5 F.4th 964, 968 (9th Cir. 2021). "A claim may be dismissed as untimely pursuant to a 12(b)(6) motion 'only when the running of the statute [of limitations] is apparent on the face of the complaint.'" *United States ex rel. Air Control Techs., Inc. v. Pre Con Indus., Inc.*, 720 F.3d 1174, 1178 (9th Cir. 2013) (alteration in original) (quoting *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010)). The factual allegations relevant to our disposition are all set forth in the second amended complaint in *Holt II*.

According to the operative complaint in *Holt II*, Adriana Holt was in her car in the driveway of her house on January 2, 2018, when a group of Orange County deputy sheriffs approached and told her to get out of the car. After instructing Holt to remain outside her house, the deputies entered and searched the house to investigate a series of robberies they believed had been committed by Holt's then-

boyfriend. The deputies also searched a car belonging to Holt's older child.

Holt's children and her mother Beatriz Lukens were detained inside the house. The deputies later brought Holt into the house. The deputies told Holt they did not have a search warrant. At least one of the deputies grabbed Holt and put her arms behind her back, "resulting in bruising / soft-tissue injury." After searching the house, the deputies took Holt to a sheriff's department substation for questioning. Holt was released several hours later.

Holt and her children (but not Lukens) sued the County and other defendants in federal district court on February 13, 2019. This action was *Holt I*. Holt and her children brought § 1983 claims alleging excessive force, unlawful search and seizure, and unlawful arrest, as well as various California state-law claims.

On April 4, 2019, an amended complaint was filed in *Moon*, a putative class action against the County. Holt, her children, and Lukens were included in that amended complaint as individual plaintiffs. Their allegations in *Moon* were similar to those brought by Holt and her children in *Holt I*. The amended complaint was stricken by the court in *Moon*. It was re-filed in *Moon* on September 9, 2019, still with Holt, her children, and Lukens as individual plaintiffs.

On September 11, 2019, Holt voluntarily dismissed her claims in *Holt I* without prejudice. On November 4, 2019, the court in the *Moon* case dismissed the re-filed claims of Holt, her children, and Lukens without prejudice for improper joinder. Holt, her children, and Lukens reasserted their claims in *Moon* in a second amended complaint. On March 18, 2020, the court in *Moon* dismissed the claims of Holt, her children, and Lukens, this time with prejudice, for

improper joinder. The County has not argued to us that the second dismissal precluded Holt, her children, and Lukens from re-filing their claims in a different action. *See Rotec Indus., Inc. v. Mitsubishi Corp.*, 348 F.3d 1116, 1119 (9th Cir. 2003) (claim preclusion is a waivable defense).

On July 31, 2020, Holt, her children, and Lukens filed the present action—*Holt II*—making the same allegations as in *Holt I*, adding another § 1983 claim against the County, and taking out a California state-law claim. The district court in *Holt II* first dismissed the state-law claims as time-barred. Holt, her children, and Lukens then amended their complaint in *Holt II* so that it contained only their § 1983 claims. The district court dismissed the § 1983 claims as time-barred, holding that the tolling provision of 28 U.S.C. § 1367(d) applied only to supplemental state-law claims dismissed in the circumstances specified in § 1367(c). Based on this interpretation of § 1367, the district court held that the limitations period for Holt's and Lukens's § 1983 claims was not tolled during the pendency of *Holt I* or *Moon* and that it had therefore expired before *Holt II* was filed. The court also dismissed the additional claim included against the County in *Holt II* for failure to state a claim, a ruling not challenged on appeal.

The parties stipulated to dismissal of Holt's children's claims without prejudice. The district court then entered judgment dismissing with prejudice Holt's and Lukens's claims. This appeal by Holt and Lukens followed.

## II. Discussion

### A. Claims under 42 U.S.C. § 1983

Claims brought under 42 U.S.C. § 1983 borrow the forum state's statute of limitations for personal injury

actions, as well as the state's tolling rules, "except to the extent any of these laws is inconsistent with federal law." *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004). California's two-year limitations period for personal injury actions, Cal. Civ. Proc. Code § 335.1, applies to Holt's and Lukens's § 1983 claims.

Absent tolling, the limitations period for Holt's and Lukens's § 1983 claims expired on January 2, 2020. As noted above, *Holt II* was filed more than six months later, on July 31, 2020. Holt contends that § 1367(d) tolls the statute of limitations for the periods during which her § 1983 claims were pending in *Holt I* and *Moon*. Lukens contends that § 1367(d) tolls the statute of limitations for the period during which her § 1983 claims were pending in *Moon*. If they are entitled to tolling during the pendency of either case, their § 1983 claims in *Holt II* were timely filed.

In 1990, Congress codified the supplemental jurisdiction of federal courts over state-law claims that are "so related to claims" filed in the district court's original jurisdiction "that they form part of the same case or controversy" as the claims over which there is original jurisdiction. 28 U.S.C. § 1367(a). The tolling provision of § 1367 reads:

> The period of limitations for any claim asserted under subsection (a), and for *any other claim in the same action that is voluntarily dismissed at the same time as or after the dismissal of the claim under subsection (a)*, shall be tolled while the claim is pending and for a period of 30 days after it

is dismissed unless State law provides for a longer tolling period.

28 U.S.C. § 1367(d) (emphasis added).

Because the tolling question presented by *Moon* is the most straightforward, we address it first. Neither Holt's nor Lukens's § 1983 claims were tolled for the time they were pending in *Moon*. Their § 1983 claims in *Moon* were not "voluntarily dismissed," as § 1367(d) requires. They were instead dismissed (twice) by the district court for improper joinder. Lukens was not a party to *Holt I*. Lukens therefore has no viable statutory argument for tolling her § 1983 claims.

The question whether Holt's § 1983 claims were tolled by *Holt I* is more complex. Holt brought both supplemental state-law claims and § 1983 claims in *Holt I*. All of her claims in that action were voluntarily dismissed at the same time. Holt contends that her supplemental state-law claims in *Holt I* were "claim[s] asserted under subsection (a)," and that her § 1983 claims were "other claim[s] in the same action that [were] voluntarily dismissed at the same time as . . . the dismissal of the claim under subsection (a)." 28 U.S.C. § 1367(d). She argues the § 1983 claims were thus tolled during the pendency of *Holt I*.[1]

---

[1] Whether § 1367(d) tolls federal-law claims when they are re-filed in federal court, as opposed to state court, is an open question. The Supreme Court's leading cases interpreting § 1367(d), *Raygor v. Regents of the University of Minnesota*, 534 U.S. 533 (2002), *Jinks v. Richland County*, 538 U.S. 456 (2003), and *Artis v. District of Columbia*, 583 U.S. 71 (2018), only addressed the availability of tolling for claims re-filed in state court. We need not resolve that question today because we conclude that the statute did not toll Holt's and Lukens's claims.

We readily agree with Holt that federal-law claims like her § 1983 claims in *Holt I* are "other claim[s]" within the meaning of § 1367(d). We also readily agree that her § 1983 claims in *Holt I* were "voluntarily dismissed."

With these threshold issues resolved, we reach the key question—whether Holt's voluntary dismissal of her supplemental state-law claims in *Holt I* was a "dismissal of the claim[s] under subsection (a)" within the meaning of § 1367(d). If it was, she is entitled to tolling of her § 1983 claims. However, for the reasons that follow, we conclude that the voluntary dismissal of supplemental state-law claims is not a "dismissal" within the meaning of § 1367(d). That is, voluntary dismissal of a supplemental state-law claim does not trigger tolling under § 1367(d).

In *Raygor v. Regents of the University of Minnesota*, the Supreme Court interpreted the word "dismissal" in § 1367(d). 534 U.S. at 545. Raygor and a fellow employee at the University of Minnesota had filed state-law claims against the Regents of the University (an arm of the State) in federal district court. *Id.* at 537. The court dismissed based on the Regents' Eleventh Amendment immunity. *Id.* The plaintiffs then re-filed in state court. *Id.* at 538. The Minnesota Supreme Court held that tolling of the plaintiffs' state-law claims under § 1367(d) was inconsistent with the Eleventh Amendment. *Id.* at 539. The United States Supreme Court agreed that the claims were not tolled, based on a construction of § 1367(d) rather than based directly on the Eleventh Amendment. *Id.* at 545.

The Court wrote in *Raygor* that § 1367(d) "occurs in the context of a statute that specifically contemplates only a few grounds for dismissal [in § 1367(a), (b), and (c)]," and that "it is unclear if the tolling provision was meant to apply to

dismissals for reasons unmentioned in the statute." *Id.* "[A]llowing federal law to extend the time period in which a state sovereign is amenable to suit in its own courts at least affects the federal balance in an area that has been a historic power of the States, whether or not it constitutes an abrogation of state sovereign immunity." *Id.* at 544. Because reading § 1367(d) to toll the state statute of limitations affected the "federal balance," the Court required a clear congressional statement of intent to apply the tolling rules of § 1367(d) to an unconsented suit against a State. *Id.* Even if § 1367(d) could be read to include Eleventh Amendment immunity as a ground for dismissal (and therefore tolling), there is no clear statement to that effect. *Id.* at 545. Because there is no such clear statement, the Court affirmed.

Like the Court in *Raygor*, we are guided in our interpretation of "dismissal" by background legal principles against which Congress enacted § 1367. One such principle is that a voluntary dismissal generally does not toll the statute of limitations for the dismissed claims for the period during which those claims were pending. Absent a statute to the contrary, a voluntary dismissal "leaves the situation the same as if the suit had never been brought in the first place." *Humphreys v. United States*, 272 F.2d 411, 412 (9th Cir. 1959). The plaintiff "cannot deduct from the period of the statute of limitations applicable to his case" the time that the voluntarily dismissed claims were pending. *Id.* at 412 n.1 (quoting 34 Am. Jur. *Limitation of Actions* § 281). This principle is "well settled." 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2367 (4th ed. 2023) (collecting cases). It is of sufficiently ancient vintage that the Supreme Court considered it established law by the

early nineteenth century.  *See Alexander v. Pendleton*, 12 U.S. (8 Cranch) 462, 470 (1814).

Adopting Holt's reading of "dismissal" in § 1367(d) to include voluntary dismissals would significantly pare back the operation of the principle that the statute of limitations is not tolled for a claim that is voluntarily dismissed.  Under Holt's argument, tolling would be required for any action that includes both federal and supplemental claims when the plaintiff voluntarily dismisses the action.  We are unwilling to conclude that § 1367(d) abrogated such an entrenched legal rule absent a clear indication that Congress meant to do so.  *See Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104, 108 (1991) ("[W]here a common-law principle is well established . . . courts may take it as given that Congress has legislated with an expectation that the principle will apply except 'when a statutory purpose to the contrary is evident.'" (quoting *Isbrandtsen Co. v. Johnson*, 343 U.S. 779, 783 (1952))).

There is no clear indication in § 1367 that Congress intended to do so.  Instead, each of the grounds for dismissal listed in § 1367 requires some action by the district court. Subsections (a) and (b) describe circumstances in which a district court must dismiss supplemental claims—when the claims do not "form part of the same case or controversy" as the plaintiff's federal claims, or when exercising jurisdiction over the supplemental claims "would be inconsistent with the jurisdictional requirements of" the statute codifying federal courts' diversity jurisdiction.    28 U.S.C. § 1367(a), (b).    Clearer still, the introductory words of § 1367(c) provide that "district courts *may decline to exercise supplemental jurisdiction* over a claim under subsection (a)." *Id.* § 1367(c) (emphasis added).  The words "may decline" indicate that the district court must make an

affirmative decision. The statute's consistent requirement in subsections (a), (b), and (c) that dismissal of supplemental claims involve affirmative decisions by the district court strongly suggests that "dismissal," as used in § 1367(d), does not encompass the voluntary dismissal of claims brought under § 1367(a).

Holt voluntarily dismissed her supplemental state-law claims in *Holt I*. We therefore conclude that the statute of limitations for Holt's § 1983 claims was not tolled during the time those claims were pending in *Holt I*, and that her § 1983 claims were untimely when she filed *Holt II*.

## B. State-Law Claims

Our reading of the word "dismissal" in § 1367(d) also controls the disposition of Holt's and Lukens's supplemental state-law claims. A supplemental claim is tolled by § 1367(d) "while the claim is pending and for a period of 30 days after it is dismissed." 28 U.S.C. § 1367(d). Nothing in the statute suggests that "dismissed" in the third clause of § 1367(d) means something different than "dismissal" in the second clause. *See Util. Air Regul. Grp. v. E.P.A.*, 573 U.S. 302, 319–20 (2014) (unless context indicates otherwise, "[o]ne ordinarily assumes 'that identical words used in different parts of the same act are intended to have the same meaning'" (quoting *Env't Def. v. Duke Energy Corp.*, 549 U.S. 561, 574 (2007))).

The supplemental state-law claims in *Holt I* were voluntarily dismissed along with the federal-law claims. Consistent with our holding concerning the federal-law claims, the supplemental claims in *Holt I* were also not tolled during the pendency of that case. That makes Holt's state-law claims untimely. As the district court found, Holt had only two days left on the statute of limitations for her state-

law claims when she filed *Holt I*. The limitations period on those claims expired in February 2019, and the claims were time-barred when they were re-filed in *Holt II* in July 2020.

Lukens had 41 days left on the statute of limitations for her state-law claims when she filed them in *Moon*. And as discussed above, her supplemental claims were not voluntarily dismissed from *Moon*; rather, they were dismissed for improper joinder.

But as with voluntary dismissals, it is well established that dismissal of a party for improper joinder does not toll the statute of limitations for the period that party's claims were pending before the dismissal. *See Elmore v. Henderson*, 227 F.3d 1009, 1011–12 (7th Cir. 2000) (collecting cases); *Strandlund v. Hawley*, 532 F.3d 741, 746 (8th Cir. 2008) (an action dismissed without prejudice under Rule 21 "is treated for statute of limitations purposes as if it had never been filed" (quoting *Elmore*, 227 F.3d at 1011)). For that reason, our court and others have held that district courts must "conduct a prejudice analysis" before dismissing a party for misjoinder to avoid the unjust "loss of otherwise timely claims if new suits are blocked by statutes of limitations." *Rush v. Sport Chalet, Inc.*, 779 F.3d 973, 975 (9th Cir. 2015) (quoting *DirecTV, Inc. v. Leto*, 467 F.3d 842, 846–47 (3d Cir. 2006)). To mitigate the risk that the claims of improperly joined parties may be time-barred, Federal Rule of Civil Procedure 21 states that "[m]isjoinder of parties is not a ground for dismissing an action"; requires district courts to dismiss parties for misjoinder only "on just terms"; and grants district courts the power to sever improperly joined claims instead of dismissing them. *See* Fed. R. Civ. P. 21. We conclude that § 1367(d) does not abrogate this settled rule just as it does not abrogate the rule that claims are not tolled by voluntary dismissals.

The district court did not conduct a prejudice analysis before dismissing Lukens's claims from *Moon*. But even if it was error to dismiss without conducting such an analysis, we agree with the Seventh Circuit that "waiving the statute of limitations is not the proper remedy for an erroneous dismissal. The proper remedy is appeal." *Elmore*, 227 F.3d at 1012. The deadline for Lukens to appeal her dismissal from *Moon* has long passed.

Holt and Lukens argue that their state-law claims were nonetheless timely because they were tolled by an Orange County Superior Court administrative order and California's Emergency Rule 9, which were issued in response to the Covid-19 pandemic and tolled the statutes of limitations for civil claims starting in March 2020. *See* Cal. R. Ct. app. I at 14. The administrative order and emergency rule do not help Holt and Lukens. Because their claims were not tolled during either *Holt I* or *Moon*, the limitations periods for their state-law claims lapsed before either the order or rule went into effect.

## C. Equitable Tolling

Finally, Holt and Lukens argue that even if § 1367(d) did not toll their claims, the district court should have granted equitable tolling because of Holt's and Lukens's good faith efforts to assert them. The district court found that Holt and Lukens did not pursue their claims in good faith. The district court did not abuse its discretion in so finding. *See Jones*, 393 F.3d at 926.

## Conclusion

Section 1367(d) generally tolls the statute of limitations for federal-law claims filed in the same action as supplemental state-law claims and voluntarily dismissed at

the same time as or after the district court acts affirmatively to dismiss the supplemental claims. But the statute of limitations is not tolled when the supplemental claims are voluntarily dismissed, or when the supplemental claims are dismissed for improper joinder.

The district court's judgment is therefore **AFFIRMED**.