NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 22 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DAVID MCNEELY,

Plaintiff - Appellant,

v.

PETER LOESCHNER; CHRIS
CRAWFORTH; KEVIN L. DACH; CITY
OF SPARKS,

Defendants - Appellees.

No. 24-3601

D.C. No.
3:23-cv-00587-LRH-CLB

MEMORANDUM*

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Submitted April 4, 2025**
Phoenix, Arizona

Before: HAWKINS, WALLACH***, and R. NELSON, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Evan J. Wallach, United States Circuit Judge for the Federal Circuit, sitting by designation.

David McNeely ("McNeely") appeals from the district court's dismissal under Federal Rule of Civil Procedure 12(b)(6) of his six causes of action against the City of Sparks, Nevada; Peter Loeschner; Kevin Dach; and Chris Crawforth (collectively, "Appellees"). We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's grant of a motion to dismiss under Rule 12(b)(6). *Holt v. Cnty. of Orange*, 91 F.4th 1013, 1017 (9th Cir. 2024). We review for abuse of discretion the district court's dismissal with prejudice and without leave to amend. *Benavidez v. Cnty. of San Diego*, 993 F.3d 1134, 1141–42 (9th Cir. 2021). We affirm.

McNeely's First Amendment, Fourth Amendment, and Intentional Infliction of Emotional Distress ("IIED") causes of action,[1] as pleaded in his Complaint, all stem from the placement and discovery of a GPS tracker on Hillary Schieve's—the Mayor of Reno, Nevada—vehicle. McNeely alleges that Appellees violated his constitutional rights and engaged in extreme and outrageous conduct when they extracted his identity from the device and disclosed it to Schieve.

1. The district court properly dismissed McNeely's First Amendment privacy claim because McNeely failed to allege facts sufficient to show that Appellees violated the First Amendment. *See Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). Dismissal was also proper because

---

[1] There is no need to specifically address McNeely's second (failure to train), third (municipal liability), and fifth (failure to intervene) causes of action, as they are all premised on a Fourth Amendment violation.

McNeely failed to allege a cognizable legal theory that the First Amendment afforded him a right to privacy in the context of this case. *See id.*

2. The district court properly dismissed McNeely's First Amendment retaliation claim because McNeely failed to allege a causal connection between any retaliatory animus of Appellees and his alleged injuries. *See Nieves v. Bartlett*, 587 U.S. 391, 398 (2019).

3. The district court properly dismissed McNeely's Fourth Amendment claim because McNeely failed to allege how extracting his identity from the GPS tracker constituted an unlawful search under the Fourth Amendment. Under both the reasonable-expectation-of-privacy test, *see Kyllo v. United States*, 533 U.S. 27, 32–33 (2001), and unlicensed-physical-intrusion test, *see United States v. Jones*, 565 U.S. 400, 404–05 (2012), McNeely failed to allege facts sufficient to support a Fourth Amendment violation.

4. The district court also properly dismissed McNeely's state-law IIED claim, as McNeely failed to allege facts which amount to "extreme and outrageous conduct." *See Miller v. Jones*, 970 P.2d 571, 577 (Nev. 1998). None of the facts McNeely alleged amounted to "extreme and outrageous conduct" that is "outside all possible bounds of decency." *See Maduike v. Agency Rent-A-Car*, 953 P.2d 24, 26 (Nev. 1998).

5.     The district court did not abuse its discretion in dismissing McNeely's Complaint without granting leave to amend because, under the legal theories articulated, any amendment would have been futile. *See Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009).

**AFFIRMED.**