NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 9 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CUPER DEVELOPMENT, LLC; GO CUDAHY, LLC; DAVINA, LLC; GENIUS DISTRIBUTION, LLC; HERBAL DRAGON LLC; DANIEL AND GOLIATH, LLC, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> CITY OF CUDAHY, a municipal corporation; ALFONSO NOYOLA; ELIZABETH ALCANTAR; MARTIN FUENTES; CYNTHIA GONZALEZ; DAISY LOMELI; JOSHUA CALHOUN; RAUL DIAZ; CECILIA MADRIGAL-GONZALEZ; LOUIS MORALES, <br><br> Defendants - Appellees. | No. 24-5898 <br><br> D.C. No. 2:24-cv-02833-DSF-SK <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Submitted December 5, 2025**

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Pasadena, California

Before: BEA, BADE, and LEE, Circuit Judges.

Plaintiffs-Appellants are six limited liability companies that sought to cultivate, manufacture, and distribute cannabis in Cudahy, California (collectively, "Plaintiffs"). In June 2018, Plaintiffs entered six identical "Development Agreements" with the City of Cudahy ("City"). Under the agreements, Plaintiffs acquired construction permits to build marijuana-cultivation facilities. In return, Plaintiffs agreed to pay two sets of fees to the City: one before their facilities opened ("non-operating fees") and one after opening. Only one of the six businesses opened. Plaintiffs fell behind on fee payments. By April 2022, they owed more than $5 million in non-operating fees.

Plaintiffs filed this action against the City and nine city officials ("City Officials") (collectively, "Defendants"), asserting claims under federal and California law.[1] Plaintiffs alleged that the City Officials' attempts to collect the non-operating fees amounted to extortion and that the City Officials were thus liable for violating the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1962(c), and for conspiring to violate RICO, *id.* § 1962(d). Plaintiffs also brought two 42 U.S.C. § 1983 claims against the City: (1) a "class-of-one" equal

---

[1] Plaintiffs voluntarily dismissed the state-law claims, which are not at issue on appeal.

protection claim based on the allegation that the "non-operating fees" were a "new category" of fee that the City created solely to tax Plaintiffs; and (2) a procedural due process claim based on the City's alleged failure to hold annual hearings pursuant to the Development Agreements. The district court granted Defendants' motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiffs timely appealed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's order granting a motion to dismiss under Rule 12(b)(6), accepting as true all plausible factual allegations in the complaint. *Holt v. Cnty. of Orange*, 91 F.4th 1013, 1017 (9th Cir. 2024) (citation omitted). We affirm.

1. The district court correctly dismissed Plaintiffs' civil RICO claims for lack of statutory standing. A party who is "injured in his business or property by reason of a violation" of RICO may sue under RICO to recover civil remedies. 18 U.S.C. § 1964(c). To have standing under § 1964(c), a plaintiff must show "that his alleged harm qualifies as injury to his business or property." *Canyon Cnty. v. Syngenta Seeds, Inc.*, 519 F.3d 969, 972 (9th Cir. 2008).

This Court has held that in enacting RICO, "Congress did not intend 'business or property' to cover cannabis-related commerce." *Shulman v. Kaplan*, 58 F.4th 404, 411 (9th Cir. 2023). That is because federal law, specifically the Controlled Substances Act, forbids the intrastate possession, cultivation, or distribution of

marijuana. 21 U.S.C. §§ 802(22), 812(c), 841(a), 844(a). Here, Plaintiffs' "business or property" interests under 18 U.S.C. § 1964(c) arise from the Development Agreements, which had the express purpose of allowing Plaintiffs to "operate cannabis-related activities." Because Plaintiffs' alleged harm arises from marijuana-related activities, they lack standing to bring their civil RICO claims.

Plaintiffs argue that their alleged injury confers statutory standing because their businesses never opened, so they were not "*actively* engaged in cultivation of and commerce in cannabis." *Shulman*, 58 F.4th at 411 (emphasis added). However, whether a marijuana-cultivation facility opened, or was merely intended to open, is an unconvincing basis for distinguishing *Shulman*. Plaintiffs' civil RICO claim seeks to recover lost profits. Those profits would have come from Plaintiffs' marijuana facilities operating in the ordinary course. Thus, Plaintiffs' claimed injury to their "business or property" was to their ability to cultivate and sell marijuana. *Shulman* controls this case, and Plaintiffs therefore lack standing to sue under RICO.

2.  The district court correctly dismissed Plaintiffs' class-of-one equal protection claim. Plaintiffs did not plausibly allege that they were "intentionally treated differently from others similarly situated." *Thornton v. City of St. Helens*, 425 F.3d 1158, 1167 (9th Cir. 2005) (citation omitted). The complaint did not allege that the City intentionally singled out Plaintiffs to force them to pay taxes. To the contrary, the complaint alleged that Defendants had committed "many episodes of

extortion" against other businesses "under similar circumstances." In a "class-of-one" equal protection claim, "the plaintiff still bears the burden of proving that [he] has been intentionally treated differently from others similarly situated." *Thornton*, 425 F.3d at 1167 (citation and quotation marks omitted). Plaintiffs failed to carry that burden.

3. The district court correctly dismissed Plaintiffs' due process claim. To survive a Rule 12(b)(6) motion on a procedural due process claim, a plaintiff must plausibly allege "the existence of '(1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; and (3) lack of process.'" *Shanks v. Dressel*, 540 F.3d 1082, 1090 (9th Cir. 2008) (alteration omitted) (quoting *Portman v. Cnty. of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993)). Plaintiffs' claim failed at the first step because they did not plausibly allege the existence of a "property" interest that is protected by the Due Process Clause.

On appeal, Plaintiffs argue only that they had a property interest in the right to annual review hearings. However, the right to a hearing is not a cognizable property interest. Rather, the right to a hearing is a procedural protection that might protect a separate property interest. The Supreme Court has illustrated the distinction between property and procedure. "To have a property interest in a benefit, a person clearly must have . . . a legitimate claim of entitlement to it." *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 577 (1972). And "[i]t is a purpose

of the constitutional right to a hearing to provide an opportunity for a person to vindicate those claims." *Id.* *Roth* distinguishes process from property. The right to a hearing is a procedural safeguard that protects property, but it is not property itself. *See also Town of Castle Rock, Colo. v. Gonzales*, 545 U.S. 748, 772 (2005) (Souter, J., concurring) ("[I]n every instance of property recognized by this Court as calling for federal procedural protection, the property has been distinguishable from the procedural obligations imposed on state officials to protect it.").[2]

**AFFIRMED.**

---

[2] The district court noted that another "possibility" was that the complaint alleged "a property interest in the cultivation, manufacture, and distribution of cannabis." However, because Plaintiffs did not raise this argument in their opening brief, it is forfeited. *See Orr v. Plumb*, 884 F.3d 923, 932 (9th Cir. 2018) ("Arguments . . . omitted from the opening brief are deemed forfeited."). Similarly, although Plaintiffs' opening brief asserts that they brought a substantive due process claim, their failure to develop this argument means that it is forfeited. *See D.A.R.E. Am. v. Rolling Stone Mag.*, 270 F.3d 793, 793 (9th Cir. 2001) ("A bare assertion of an issue does not preserve a claim . . . ." (internal quotation marks and citation omitted)).