NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 2 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

TRI HUU HUYNH,

      Plaintiff - Appellant,

  v.

ALAMO, Correctional Officer at SVSP, in individual and official capacities; CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION; SALINAS VALLEY STATE PRISON; W. L. MUNIZ, Former Warden at SVSP, in individual and official capacities; R. BINKELE, Former Chief Deputy Warden at SVSP, in individual and official capacities; J. VINSON, Correctional Sargeant to SVSP's Investigative Services Unit, in individual and official capacities; RAKITIN, Correctional Officer at SVSP, in individual and official capacities; PREA COORDINATOR, in individual and official capacities; PRISON RAPE ELIMINATION ACT (PREA) COMPLIANCE MANAGER, in individual and official capacities,

      Defendants - Appellees.

No. 24-6038

D.C. No. 3:20-cv-03034-RS

MEMORANDUM*

Appeal from the United States District Court
for the Northern District of California

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Richard Seeborg, District Judge, Presiding

Submitted December 17, 2025[**]

Before:      PAEZ, CHRISTEN, and KOH, Circuit Judges.

California state prisoner Tri Huu Huynh appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging constitutional violations arising from a visual body search and cell search. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Hernandez v. Spacelabs Med. Inc.*, 343 F.3d 1107, 1112 (9th Cir. 2003). We affirm.

The district court properly granted summary judgment on the basis of untimeliness because Huynh failed to file this action within the applicable statute of limitations. *Holt v. County of Orange*, 91 F.4th 1013, 1018 (9th Cir. 2024) ("California's two-year limitations period for personal injury actions, Cal. Civ. Proc. Code § 335.1, applies to . . . § 1983 claims.").

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

---

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

24-6038