NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 28 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

NICHOLAS GLAROS,

        Plaintiff - Appellant,

  v.

CALIFORNIA DEPARTMENT OF
TRANSPORTATION; CALIFORNIA
HOUSING FINANCE
AGENCY; ANDREW P. NIERENBERG,
Deputy District Director Dist 7; ANGUS
CHAN, Right of Way Agent; DOUG
HOOVER, Chief Excess Land Branch Right
of Way; CAROLYN DABNEY, Program
Manager; SON NGUYEN; GRETCHEN
McCROSKEY, Real Estate
Agent; DUSTIN LUCE, Real Estate
Agent; NICK KUFASIMES, Hosuing
Finance Chief; TED BALLMER, Lawyer
Legal; KIRSTEN BOWMAN; MARK A.
BROWN,

        Defendants - Appellees.

No. 24-7328

D.C. No.
2:23-cv-08017-TJH-KES

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Terry J. Hatter, Jr., District Judge, Presiding

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted May 26, 2026[]

Before:       S.R. THOMAS, MILLER, and H.A. THOMAS, Circuit Judges.

Nicholas Glaros appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging violations of his rights to acquire property and to due process in connection with a failed transaction to purchase property from the California Department of Transportation ("CalTrans").  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *Benavidez v. County of San Diego*, 993 F.3d 1134, 1141 (9th Cir. 2021) (decision regarding qualified immunity); *Sato v. Orange County Dep't of Educ.*, 861 F.3d 923, 927-28 (9th Cir. 2017) (dismissal under Federal Rule of Civil Procedure 12(b)(6) and decision regarding Eleventh Amendment immunity); *Jones v. Blanas*, 393 F.3d 918, 926 (9th Cir. 2004) (dismissal based on statute of limitations).  We affirm.

The district court properly dismissed Glaros's claims against CalTrans, the California Housing Finance Agency ("CalHFA"), and the state employees sued in their official capacities as barred by the Eleventh Amendment.  *See Jensen v. Brown*, 131 F.4th 677, 696 (9th Cir. 2025) (explaining that "[t]he Eleventh Amendment bars suits against the State or its agencies for all types of relief, absent unequivocal consent by the state," and that "this protection extends to state

---

[**]       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

instrumentalities and agencies, as well as state officials sued in their official capacity" (citations and internal quotation marks omitted)).

The district court properly dismissed Glaros's claims against attorneys Bowman and Brown because these defendants are entitled to qualified immunity. *See Gibson v. City of Portland*, 165 F.4th 1265, 1284 (9th Cir. 2026) ("A state actor is entitled to qualified immunity if his conduct did not violate clearly established statutory or constitutional rights of which a reasonable person would have known." (internal quotation marks omitted)).

The district court properly dismissed Glaros's remaining claims as barred by the statute of limitations. *See Holt v. County of Orange*, 91 F.4th 1013, 1018 (9th Cir. 2024) (explaining that the forum state's statute of limitations for personal injury actions applies to § 1983 actions and that "California's two-year limitations period for personal injury actions, Cal. Civ. Proc. Code § 335.1," therefore applied).

The district court did not abuse its discretion in denying leave to amend because "it is clear that granting leave to amend would have been futile." *Lathus v. City of Huntington Beach*, 56 F.4th 1238, 1243 (9th Cir. 2023) (citation omitted); *Walker v. Beard*, 789 F.3d 1125, 1131, 1139 (9th Cir. 2015) (standard of review; explaining that denial of leave to amend is proper where no amendment would cure the complaint's deficiencies).

The motion (Docket Entry No. 15) for judicial notice filed by CalHFA,

Ballmer, Kufasimes, and Brown is granted.

**AFFIRMED.**